UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KINSMAN B. WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-CV-583 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 11], and the defendant's Motion For Summary Judgment. [Doc. 13]. Plaintiff Kinsman Wolfe ("Wolfe") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

**BACKGROUND**

Plaintiff was 54 years of age in September, 2006, the date the ALJ found that Wolfe first became disabled (Tr. 22, 153). Wolfe has a high school education (Tr. 208). He has work experience as a boilermaker (Tr. 182, 200).

1

On December 14, 2005, Plaintiff protectively filed an application for a period of disability, and disability insurance benefits (DIB) (Tr. 153-57, 196). Plaintiff alleged he became unable to work on March 11, 2005 (Tr. 200). The application was denied initially, and on reconsideration (Tr. 27-38, 130-36). On July 25, 2008, an Administrative Law Judge (ALJ) issued a partially favorable decision finding Plaintiff was not disabled any time prior to September 20, 2006, but became disabled beginning on that date (Tr. 27-38). On August 17, 2010, the Appeals Council granted Plaintiff's request for review of the ALJ's decision and remanded the case back to the ALJ for further proceedings because the hearing recording could not be located (Tr. 86-88). Following hearings held on April 14, 2011 (Tr. 450-60) and June 8, 2011 (Tr. 437-49), on June 17, 2011, the ALJ issued a second decision finding Plaintiff not disabled prior to September 20, 2006 (Tr. 8-23). The Appeals Council denied Plaintiff's request for review of the second ALJ's decision on September 18, 2012 (Tr. 3-6) and this case is now ripe for review under 42 U.S.C. § 405(g).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here. The ALJ determined that Wolfe had the RFC to perform light work, with certain restrictions, and that Wolfe cannot interact closely with others (Tr. 16).

The parties have filed Memoranda [Docs. 11-2, 13]. Wolfe also filed a statement of Undisputed Facts [Doc. 11-1].

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## POSITIONS OF THE PARTIES

Wolfe alleges that he has been disabled since March, 2005, due to prostate cancer, insulin dependent diabetes mellifus, degenerative disc disease, heart disease, steep apnea, and right and left hand injuries (Tr. 200). He states that he had to quit his job as a boilermaker, which involved welding and burning, and some heavy lifting, because his medical problems prevented him from:

being around higher temperatures, climbing ladders, or crawling into spaces. He also cites "extreme fatigue" and "irregular heartbeat" (Tr. 200-01; 456-57).

Wolfe argues that the ALJ committed error by violating the "Treating Source Rule," 20 C.F.R. § 404.1527(d)(2). He asserts that the ALJ failed to properly consider and weigh the medical opinions of treating physician Dr. Neil Schaffner.

Dr. Schaffner, an endocrinologist, treated Wolfe for Type I diabetes, beginning in 2002 (Tr. 225-27). He also treated Wolfe's high blood pressure and high cholesterol. And while he did not treat Wolfe for cardiac issues and depression, he did discuss them with Wolfe (Tr. 228-29). In fact, beyond the diabetes, all of Dr. Schaffner's knowledge of Wolfe's conditions came from what Wolfe told him and not from a review of medical records (Tr. 231).

Nonetheless, Dr. Schaffner testified that "I would think probably not" when asked whether Wolfe could perform "sedentary" or "non-sedentary" work in the national economy (Tr. 230).

The ALJ gave "no weight" to the opinion of Dr. Schaffner, "as it is inconsistent with the overall evidence of record, including the claimant's own description of his daily activities, the treatment notes, and findings on examination" (Tr. 20). Instead, the ALJ gave "considerable weight" to Wolfe's treating cardiologist, Dr. Phillips, who opined that Wolfe should work in a job less stressful than boilermaker and not in a hot work environment (Tr. 376). The ALJ also gave "considerable weight" to the opinions of Dr. Robinson and Dr. Misra, state agency physicians, who opined that Wolfe could perform light work, avoiding exposure to extreme

5

temperatures (Tr. 321-24; 251-57).[1] The ALJ explained that their opinions were "consistent with the overall evidence of record, including examination findings, diagnoses, treatment and prescribed medications" (Tr. 20).

Wolfe argues that the ALJ committed error by not incorporating Dr. Schaffner's more limiting restriction in the RFC. The Commissioner argues that the ALJ adequately discussed Dr. Schaffner's opinion and gave sufficient explanation for the weight afforded to it.

## **ANALYSIS AND BASIS FOR RECOMMENDATION**

For the reasons that follow, the Court recommends that summary judgment in favor of the Commissioner is appropriate in this case. The Court finds that the ALJ properly reviewed and evaluated the medical evidence, giving good explanations for the weight afforded to the medical opinions of record.

Under the treating physician rule, "the Commissioner has mandated that the ALJ 'will' give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides not to give the opinion of a treating physician controlling weight, "he must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'"

---

[1] Dr. Eva Misra examined Wolfe. Dr. Nathaniel Robinson reviewed the medical evidence of record as a consulting physician.

Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2))). The ALJ has a clear duty to "always give good reasons in [the] notice of determination or decision for the weight [it] give[s] [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The good reasons given must always be supported by evidence of record and must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 937 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

The purpose behind the requirement that good reasons be given is "to safeguard the claimant's procedural rights[,]" and "is intended 'to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not.'" Cole, 661 F.3d at 937-38 (quoting Wilson, 378 F.3d at 544).

"A finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 408 (6th Cir. 2009). "In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned." Cole, 661 F.3d at 938.

"On the other hand, opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). These are instead weighed "based on the examining relationship (or lack thereof),

7

specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." Id. (citing 20 C.F.R. § 404.1527(c)).

Dr. Schaffner provided an opinion which indicated that Wolfe had medical conditions and related limitations which arguably support a finding of disability. Specifically, he opined that Wolfe "probably" would not be able to perform sedentary or non-sedentary work in the national economy (Tr. 230). The Court, however, finds that the ALJ properly addressed, evaluated, and assigned weight to Dr. Schaffner's treating source opinion. Importantly, the ALJ explained that Dr. Schaffner's opinion was not supported by the medical evidence in the record, Wolfe's activities of daily living, treatment notes, and findings on examination (Tr. 20). The ALJ also showed that Wolfe's treating cardiologist, Dr. Phillips, did not impose severe limitations, and that a state agency examining physician found Wolfe to be capable of light work. Moreover, the restrictions which were indicated by Dr. Phillips – Wolfe should work in a less stressful job and not work in a hot environment – were incorporated in the RFC by the ALJ (Tr. 20).

Therefore, reviewing the ALJ's Decision in light of <u>Gayheart</u> and other recent Sixth Circuit jurisprudence, the Court finds that the ALJ did properly apply the treating physician rule to the case at hand. <u>See</u> <u>Brasseur v. Comm'r of Soc. Sec.</u>, 2013 WL 1896291 (6th Cir. May 7, 2013) (ALJ who gave good reasons to reject the severe physical restrictions opined by Plaintiff's two treating physicians met the standard articulated by the Sixth Circuit in <u>Gayheart</u>).

Wolfe also argues that his activities of daily living support the severe opinion of Dr. Schaffner, not the RFC articulated by the ALJ. The Court, however, finds that this claim of error is unfounded, and that the ALJ properly evaluated the record on this issue. Specifically, the ALJ

8

considered that Wolfe could get his daughter ready for school, prepare simple meals, do light household chores, drive, shop, pay bills, read, watch television and spend time with his family (Tr. 19, 175, 186, 188-90, 319). Wolfe also reported that he got along fairly well with others, has friends that visit occasionally, and that he manages his own money (Tr. 15, 319). Wolfe argues his activities are more restricted than the ALJ indicated. The ALJ, however, could deem Wolfe's activity levels as consistent with the view that he is suffering manageable impairments.

Therefore, the Court finds that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled during the relevant period, because he could perform light work, with certain restrictions.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Summary Judgment [Doc. 11] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 12] be **GRANTED**.[2]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).