UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KINSMAN B. WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-583-TAV-HBG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton [Doc. 14]. In the R&R, Magistrate Judge Guyton concludes that substantial evidence supports the Commissioner's decision that plaintiff was not disabled during the relevant period because he could perform light work, with certain restrictions. Plaintiff submitted an objection to the R&R [Doc. 15], and the Commissioner responded [Doc. 16].

**I.     Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*,

806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). In addition to reviewing the Commissioner's findings to determine whether they are supported by substantial evidence, the Court reviews the Commission's decision to determine whether the conclusions were reached using the correct legal standards and in accordance with the procedures promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec. Admin.*, 378 F.3d 541, 546 (6th Cir. 2004). "'[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Id.* at 547 (quoting *Connor v. U.S. Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). On review, the plaintiff bears the burden of proving

entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.   Analysis[1]

In his objection to the R&R, rather than taking issue with specific findings of the magistrate judge, plaintiff presents one of the same arguments originally presented to the

---
[1] The Court presumes familiarity with the R&R.

magistrate judge, that is, that the Administrative Law Judge ("ALJ") did not make a reasonable effort to recontact one of plaintiff's treating physicians, Neil D. Schaffner, M.D., despite the fact that the ALJ was unable to ascertain the basis for Dr. Schaffner's opinion from the record, thereby failing to comply with the relevant procedures in evaluating a treating source opinion and depriving plaintiff of a substantial right.

In the R&R, the magistrate judge found that the "the ALJ properly addressed, evaluated, and assigned weight to Dr. Schaffner's treating source opinion" [Doc. 14 at 8]. The magistrate judge noted that the ALJ had explained Dr. Schaffner's opinion was not supported by the medical evidence in the record, including the opinions offered by plaintiff's treating cardiologist, Dr. Phillips, and the state agency's examining physician [*Id.*], as well as evidence of plaintiff's daily living activities [Tr. 20]. In light of *Gayheart v. Commissioner of Social Security Administration*, 710 F.3d 365 (6th Cir. 2013), the magistrate judge appropriately found that the ALJ properly applied the treating physician rule to the case at hand [Doc. 14 at 8].

Although plaintiff continues to argue that the ALJ was unable to ascertain the basis for Dr. Schaffner's opinion, the Court disagrees. Social Security Ruling 96-5P, 1996 WL 374183 (1996) ("SSR 96-5P"), which sets forth the Commissioner's policies on the consideration of medical source opinions, states in relevant part that "if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification

of the reasons for the opinion."[2]  In this case, in response to questions from counsel, Dr. Schaffner indicated that his opinion of plaintiff's ability to work was based on plaintiff's "medical history, [Dr. Schaffner's] treatment of him and the tests [he] performed, [Dr. Schaffner's] examination of him and basing all that on a reasonable medical probability" [Tr. 230].  In the pages prior to this, counsel had shown Dr. Schaffner his medical records for plaintiff, and Dr. Schaffner indicated that he had reviewed plaintiff's laboratory data [Tr. 227].  Dr. Schaffner testified regarding the conditions plaintiff reported to be suffering from, the majority of which Dr. Schaffner learned about only through his communication with plaintiff, based on plaintiff's health complaints during office visits [Tr. 231].  Thus, the basis for Dr. Schaffner's opinion was what he learned about plaintiff and plaintiff's health conditions during the course of his treatment of plaintiff, as is apparent from examining Dr. Schaffner's testimony.  Plaintiff argues that the ALJ "must indicate" that he "ascertains the basis for a medical opinion," [Doc. 15 at 2], however, plaintiff cites to no portion of the regulation nor any related case law supporting his position.  In addition, the *Wilson* case which plaintiff relies upon is inapposite to this case, as in *Wilson* the ALJ gave no reason for the weight being assigned to the treating source, a requirement under SSR 96-5P which "exists' in part, to let claimants understand the disposition of their cases . . . ."  *Wilson*, 378 F.3d at 544 (quotation omitted).  The

---

[2]Defendant notes in support of its motion for summary judgment that the regulation was changed as of March 26, 2012, making recontacting a treating source within the ALJ's discretion [Doc. 13 at 13 (citing How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10651-01, 2011 WL 7404303, at *10656 (Feb. 23, 2012 (to be codified at 20 C.F.R. pts. 404 & 416))].

5

Court finds no such issues present in this case, as the ALJ gave adequate reasons for why he was not giving weight to Dr. Schaffner's opinion. The Court thus finds that there was no need for the ALJ to recontact Dr. Schaffner and, accordingly, concludes that the magistrate judge properly evaluated the ALJ's findings in the R&R.

**III.    Conclusion**

For the reasons explained above, plaintiff's objections [Doc. 15] will be **OVERRULED** and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 14], which the Court will adopt and incorporate into its ruling. Plaintiff's motion for summary judgment [Doc. 11] will be **DENIED**, the Commissioner's motion for summary judgment [Doc. 12] will be **GRANTED**, the decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**.  An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE